IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BENEFITELECT, INC.**, an Oregon corporation; **COMMUNICATION PARTNERS, INC.**, an Oregon corporation,

        Plaintiffs,

      v.

**STRATEGIC BENEFIT SOLUTIONS CORPORATION**, a New Jersey corporation,

        Defendant.

**Civ. No. 6:19-cv-00797-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

In 2018, Plaintiffs BenefitElect, Inc. ("BenefitElect") and Communication Partners, Inc. ("Communication Partners") worked with Defendant Strategic Benefit Solutions Corporation ("Strategic Benefit") to construct and install a computer program in Pennsylvania that would assist state employees in obtaining insurance. The relationship soured when the parties disputed the amount owed for the work completed. Plaintiffs filed the present action in Oregon alleging breach of contract and other related claims, but Strategic Benefit had already filed suit in New Jersey alleging tortious interference and seeking declaratory relief on the alleged contract between the parties.

Accordingly, Strategic Benefit now moves to dismiss Plaintiffs claims pursuant to the "first-to-file" rule. However, because of jurisdictional considerations, the Court will not dismiss

1 – OPINION AND ORDER

the claims but rather stay the case to allow resolution of the New Jersey case. Thus, Defendant's motion to dismiss, ECF No. 18, is DENIED, but the case is STAYED until resolution of the pending New Jersey action.

## **PROCEDURAL AND FACTUAL BACKGROUND**

BenefitElect, Communication Partners, and Strategic Benefit are corporations engaged in the insurance benefits industry. Le Phan Decl. ¶ 4, ECF No. 20. In 2018, Strategic Benefit contacted Plaintiffs to construct and operate a benefits computer program. First Amend. Compl. ¶ 5, ECF No. 17. Plaintiffs allege that they performed as required, but that Strategic Benefit failed to pay $312,000 on their performance. Hansen Decl., Ex. 5 ¶¶ 12–13, ECF No. 27.

On May 1, 2019, Plaintiffs, through counsel, contacted Strategic Benefit and demanded payment in full. Hansen Decl., Ex. 1. Plaintiffs' counsel also threatened to file suit if payment was not received within five business days. *Id.* On May 3, 2019, Plaintiffs' counsel received a response from Lorena E. Ahumada, who at the time represented Strategic Benefit. Hansen Decl., Ex. 2. Ms. Ahumada requested further documentation, which Plaintiffs' counsel provided on May 6, 2019. Hansen Decl., Ex. 3. Ms. Ahumada acknowledged receipt of the requested information. *Id.* However, on May 10, 2019, Ms. Ahumada emailed Plaintiffs' counsel to communicate that she no longer represented Strategic Benefit and that they had retained new counsel. Hansen Decl., Ex. 4.

On May 13, 2019, twelve days after Plaintiffs originally contacted Strategic Benefit, Strategic Benefit filed suit in the Superior Court of New Jersey seeking declaratory relief and tortious interference. Hansen Decl. ¶ 9. The New Jersey action has been removed to the United States District Court for the District of New Jersey, Case No. 1:19-cv-14277-JHR-KMW. Spiegel Decl. ¶ 5, ECF No. 19. Nine days after Strategic Benefit filed suit in New Jersey, Plaintiffs brought this instant action in Oregon before the Court. Hansen Decl. ¶ 10.

Plaintiffs have moved to dismiss the New Jersey action for improper venue or, in the alternative, to transfer venue to this Court. Although fully briefed, the New Jersey court has not yet decided the pending motion to dismiss.

## STANDARD OF REVIEW

Prior to filing a responsive pleading, a party may assert the defense of improper venue and move the Court to dismiss the action. Fed. R. Civ. P. 12(b)(3). When considering the motion, the "pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). The Court resolves any factual conflicts in favor of the non-moving party while also drawing all reasonable inferences in the non-moving party's favor. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

## DISCUSSION

Defendant Strategic Benefit, in reliance on the "first-to-file" rule, contends that venue is improper because the New Jersey action was initiated prior to the pending case before the Court. In response, Plaintiffs argue that the Court should apply an equitable interest exception and deny Strategic Benefit's Motion to Dismiss.

The "first-to-file" rule allows a district court to transfer, stay, or dismiss an action after a similar suit has been filed in another federal court. *Alltrade, Inc. v. Uniweld Prod.'s*, 946 F.2d 622, 625 (9th Cir. 1991). Application of the first-to-file rule "turns on three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues." *City Antiques, Inc. v. Planned Furniture Promotions, Inc.*, No. 3:14-cv-00467-SI, 2014 WL 3955216, at *3 (D. Or. Aug. 12, 2014) (citing *Alltrade*, 946 F.2d at 625). "[The] 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the

3 – OPINION AND ORDER

dictates of sound judicial administration." *Pacesetter Sys.'s, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

Plaintiffs concede that the three first-to-file rule factors are present. However, they argue that equitable interests weigh against the first-to-file rule's application. The Court has the discretion disregard the first-to-file rule when equitable interests advise otherwise. *Alltrade*, 946 F.2d at 628. The Ninth Circuit has recognized three equitable considerations "under which an exception to the first-to-file rule typically will be made": (1) anticipatory suits; (2) forum shopping; and (3) bad faith. *Id.* (citations omitted). Because Plaintiffs argue that "[Strategic Benefit's] New Jersey complaint was an anticipatory suit, filed in bad faith, for purposes of forum shopping," the Court addresses each exception in turn. Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss 4, ECF No. 26.

## I. Anticipatory Suits and Forum Shopping

As explained by Judge Mosman in this district, the anticipatory suit and forum shopping exceptions tend to overlap with one another. *See Adidas Am., Inc. v. Herbalife Int'l, Inc.*, No. CV 09-661-MO, 2010 WL 596584, at *2 (D. Or. Feb. 12, 2010) ("A court may depart from the first-to-file rule if it finds that the plaintiff filed an 'anticipatory suit' to engage in forum shopping."). The anticipatory suit and forum shopping exceptions normally arise in contexts such as the one present here, where the first filed action asks for declaratory relief. *Id.* (citing *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097–98 (N.D. Cal. 2006)). These exceptions protect plaintiffs from being "deprived of [their] traditional choice of forum because defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum." *Inherent.com*, 420 F. Supp. 2d at 1097 (quotation and citation omitted). The Court may invoke the anticipatory suit exception if plaintiff received "*specific, concrete indications* that a suit by

4 – OPINION AND ORDER

defendant was imminent." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (emphasis added) (citations omitted).

Plaintiffs argue that the language in Strategic Benefits' New Jersey complaint illustrates why the first filed action is an anticipatory suit, specifically pointing to Defendant's reliance on pre-litigation communication between the parties. *See* Decl. of Le Phan, Ex. A at ¶¶ 56-59, ECF No. 20 (heading titled "Defendants Threaten Litigation"). Further support for Plaintiffs position is that in their first communication with Strategic Benefits, Plaintiffs indicated a specific and concrete intent to file suit in Oregon. Hansen Decl., Ex. 1. However, Strategic Benefit counters that because their pending claims in New Jersey are to protect ongoing business interests they have with third parties, their suit was not anticipatory because they had a "preexisting motive for going to court." *See City Antiques, Inc.*, 2014 WL 3955216, at *5 (explaining that simply seeking a declaratory judgment does not automatically defeat the first-to-file rule) (citing *Adidas Am., Inc.*, 2010 WL 596584, at *2) (quoting *Inherent.com*, 420 F. Supp. 2d at 1097–98).

The Court finds that while it is a close call, neither the anticipatory suit exception nor the forum shopping exception is fully applicable here. While the Court recognizes that specific threats of litigation were made, Strategic Benefit also provided communications prior to the concrete litigation threat illustrating how their on-going business relationships were being harmed. Decl. of Le Phan, Ex. A at 9, ECF No. 29 ("And please understand that this will result in our sharing this with MetLife."); Decl. of Le Phan, Ex. A at 5–6 (including MetLife representative on communications regarding revenue sharing); Decl. of Le Phan, Ex. A. at 3 (writing to a MetLife representative that "[Strategic Benefit needs] to step up to what we always discussed and agreed to"). "Unlike a typical anticipatory suit in which only declaratory relief is sought," Strategic Benefit's suit also alleges a tortious interference claim, which weighs suggests that the New Jersey

5 – OPINION AND ORDER

action is more than an anticipatory suit. *Adidas Am. Inc.*, 2010 WL 596584, at *2. The Court is also unpersuaded by Plaintiff's position on forum that the convenience of the parties and witnesses favors Oregon over New Jersey. This argument is best left to the New Jersey court because "apprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for our consideration." *Alltrade*, 946 F.2d at 628.

Even if the Court makes reasonable inferences in Plaintiffs favor, Strategic Benefit had an independent basis to protect their interest and could file suit in their chosen forum. *City Antiques, Inc.*, 2014 WL 3955216, at *5. Accordingly, the Court declines to apply either exception.

## **II. Bad Faith**

The bad faith exception applies if one party exploits the other party's good faith to gain the advantage of filing first. *Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-CV-02588-YGR, 2016 WL 4492583, at *5 (N.D. Ca. Aug. 26, 2016) ("Bad faith is evident when the plaintiff in the first action induces the other party to rely, in good faith, on representations made by the plaintiff that it will not file first in order to preempt the other party from filing a suit in its preferred forum." (citing *Girafa.com, Inc. v. Alexa Internet, Inc.*, No. C-08-02745 RMW, 2008 WL 4500858, at *7 (N.D. Cal. Oct. 6, 2008))). However, simply filing first for an advantage does not automatically constitute bad faith. *Id.* (citations omitted).

Plaintiffs allege that when Strategic Benefits requested more information on May 3, 2019, they were doing so to buy time to file in New Jersey. Plaintiffs cite to *Z-Line* and argue that the letters here are similar in nature. The Court does not agree. In *Z-Line*, the letters sent by defendant to plaintiff explicitly discussed settlement. 218 F.R.D. at 665–66. Further, while the initial communication between the parties in *Z-Line* included a deadline, this date was extended twice.

*Id.* at 666. On these grounds, the *Z-Line* court found that the deadline extension "was a misleading communication." *Id.*

Plaintiffs allege that they withheld filing suit in Oregon "solely based on Ms. Ahumada's promise that she wanted to review information and documents before advising [Strategic Benefit] on settlement." Hansen Decl. ¶ 8. However, a review of the record illustrates that while Strategic Benefit requested more information, neither party indicated a desire to settle or began settlement negotiations. Decl. of Ahumada ¶¶ 6-10, ECF No. 30. Plaintiffs made clear in their initial letter that only upon receipt of full payment would they consider not filing suit. Strategic Benefit simply responded by asking for additional verification. As discussed above, Strategic Benefit still had an independent basis to seek relief in New Jersey. Because the record is devoid of any communication the Court considers misleading, the bad faith exception is inapplicable.

## III. Remedy

"When cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, to stay, or to dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). While "dismissal is proper where the court of first filing provides adequate remedies," the Court must also consider any jurisdictional concerns in the first-filed action. *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008); *Alltrade*, 946 F.2d at 928–29. Currently, the New Jersey court is deciding a motion to dismiss or transfer venue that was filed on July 2, 2019. It is the Court's understanding that the issues raised in the motion before the New Jersey court are similar to the issues raised here.

Accordingly, the Court STAYS this action pending the outcome of Plaintiffs' Motion before the New Jersey court. *See U.S. Bank, N.A. v. Sun Life Assurance Comp. of Canada*, No. CV

7 – OPINION AND ORDER

17-00670 BRO (ASx), 2017 WL 5957644, at *14 (C.D. Cal. June 16, 2017) (staying the case pending outcome of a motion to dismiss or transfer on similar issues in another jurisdiction); *Helix Elec., Inc. v. Grand View Pv Solar Two, LLC*, No. 15-cv-2742-BAS-JLB, 2016 WL 3092157, at *4 (S.D. Cal. June 1, 2016) (same); *Gunnar Optiks v. Mad Panda, LLC*, No. 3:14-cv-1938 BTM (KSC), 2015 WL 1013775, at *4 (S.D. Cal. March 9, 2015) (same). If the New Jersey court denies Plaintiffs' Motion, then the Court will grant Strategic Benefit's Motion to Dismiss.

## CONCLUSION

For these reasons, Defendant Strategic Benefit's motion to dismiss, ECF No. 18, is DENIED, but the case is STAYED pending resolution of the New Jersey motion to dismiss. The parties are ORDERED to file a joint status report regarding the status of the New Jersey court's decision on the motion to dismiss thirty (30) days after its disposition.

IT IS SO ORDERED.

DATED this 23rd day of December, 2019.

    s/Michael J. McShane    
**Michael J. McShane**
**United States District Judge**